THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LENS.COM, INC., a Nevada Corporation ) | Case No. 2:12CV00352 DS | |
| Plaintiff, ) | | |
| vs. ) | O R D E R | |
| ) | | |
| 1-800 CONTACTS, INC.,<br>    a Delaware Corporation ) | | |
| Defendant. ) | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On March 7, 2013, the Court entered an Order granting Plaintiff Lens.com, Inc.'s ("Lens") motion to stay this case pending resolution of an appeal to the Tenth Circuit. The Tenth Circuit has resolved those matters and Defendant 1-800 Contacts, Inc. now moves for a lifting of the stay and a decision on 1-800's pending Motion to Dismiss.

This lawsuit is a follow-up to a trademark infringement action in which 1-800 Contacts sued lens retailer Lens.com claiming that Lens used 1-800's protected trademarks as internet search engine "keywords." This allowed Lens' advertisements and links to Lens' website to appear in Google or Yahoo search results in response to a consumer's search for phrases similar to 1-800 Contacts. The court in the initial case granted Lens' motion for summary judgment on December 14, 2010 and 1-800 appealed. Lens filed the instant lawsuit in the district of Nevada principally contending that the initial action was "sham litigation" that constituted an illegal act of monopolization under the antitrust laws. Lens also alleges that 1-800's settlement of trademark disputes with other contact lens

retailers harmed those retailers' ability to compete with 1-800 and Lens. The Nevada court transferred the case to this Court on March 31, 2012.

The Tenth Circuit affirmed the district court's granting of summary judgment in favor of Lens.com on the issues of direct and vicarious trademark infringement, but reversed the granting of summary judgment on 1-800's claim for contributory infringement. The Tenth Circuit also affirmed the district court's denial of Lens' motion for attorney fees which found that 1-800's claims in the underlying action were not objectively baseless. Because the district court and the Tenth Circuit agree that the underlying action was not baseless, this court agrees that Lens' claims, all of which center on the proposition that 1-800 engaged in sham litigation, should be dismissed with prejudice.

1-800 argues in its Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) that Lens' claims fail as a matter of law because 1) Lens has no standing to challenge 1-800's settlements with other contact lens retailers; 2) Lens' challenge to 1-800's exercise of its constitutionally protected right to petition the courts fails under the *Noerr-Pennington* immunity doctrine; 3) the antitrust claims fail because Lens has failed to plead a cognizable "relevant product market" in which 1-800 might be claimed to have market power; and 4) Lens' claim for declaratory relief was an attempt to adjudicate matters that were expressly at issue in 1-800's motion for reconsideration of the summary judgment that was already decided.

To overcome 1-800's immunity under the *Noerr-Pennington*[1] doctrine, Lens would have to allege specific facts that, if proven, would show that 1-800's trademark litigation was both objectively and subjectively baseless. Because the district court found in the underlying action that

---

[1] *See Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S.127 (1961)*; United Mine Workers v. Pennington*, 381 U.S. 657 (1965).

1-800's trademark claims had a "legal and factual basis" and such findings were affirmed by the Tenth Circuit, Lens cannot claim that the litigation was a sham.  Additionally, the Tenth Circuit partially reversed the district court's summary judgment ruling that "1-800 had presented enough evidence to support a claim of contributory infringement." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1255 (10th Cir. 2013).  Therefore, for these reasons and the reasoning set forth in Defendants' briefs on the Motion to Dismiss and Renewed Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6), Plaintiffs' First Amended Complaint is dismissed with prejudice.

For the foregoing reasons Defendant 1-800 Contacts, Inc.'s Motion to Dismiss is **granted** and all claims are dismissed with prejudice.

SO ORDERED.

DATED this 3rd day of March, 2014.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT